**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Bashar Robert Elyousef,

Plaintiff,

v.

Judge Joseph Hardy, et al.,

Defendants.

Case No. 2:26-cv-02465-GMN-BNW

**Order**

Pending before this Court is Plaintiff's motion for alternative service on Defendant Lorenzo Doumani (ECF No. 126) and motion to extend time for service (ECF No. 127). Plaintiff seeks a 21-day extension of the service deadline as well as permission to effect alternative service on Doumani at his listed address by first-class mail and certified mail with return receipt requested. ECF No. 126. at 2–3, ECF No. 127 at 3. Plaintiff alternatively requests permission to serve Doumani via his last-known email address. ECF No. 126 at 3.

**I. Motion to Extend Time (ECF No. 127)**

Courts must extend the time for service for an appropriate period upon a showing of good cause. Fed. R. Civ. P. 4(m). In this case, Plaintiff has twice attempted actual service and has failed because Defendant Doumani was unavailable. ECF No. 127 at 6. In light of Plaintiff's diligence, good cause exists to extend the service period for 21-days from the date of this ruling to October 28, 2026. *See Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (equating "good cause" with diligence).

**II. Motion for Alternative Service (ECF No. 126)**

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in

Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

> (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
> (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant ...

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

Here, Plaintiff attempted service twice at Defendant Doumani’s listed address. ECF No. 126 at 6. The first time, the process server noted that there were no vehicles in the driveway and that when she rang the doorbell system, Doumani answered and told her that he was out of town and would return in a few days. *Id.* The second time, the process server noted that there were three vehicles in the driveway and that she rang the doorbell for nine minutes. *Id.* No one answered. *Id.*

Plaintiff has not demonstrated why service under Nev. R. Civ. P. 4.2 is impracticable. Nev. R. Civ. P. 4.2(a) requires either personal service on the defendants or service at the defendants’ dwelling place. Here, Plaintiff has only attempted such service twice at the same address. Plaintiff has not provided evidence that it is impracticable to serve Doumani at his address nor that he attempted to serve Doumani at another location and was unable to effect service. Thus, Plaintiff has failed to show that alternative service by either of his suggested means should be permitted.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff’s motion for alternative service (ECF No. 126) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the deadline for service upon Defendant Lorenzo Doumani is extended up to and including 21 days following the date of this order.

DATED: October 7, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE