**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BASHAR ROBERT ELYOUSEF,

Plaintiff,

v.

JOSEPH HARDY, et al.,

Defendants.

Case No. 2:26-cv-02465-CDS-BNW

**ORDER**

Before this Court is Defendants' Joint Motion to Stay Discovery Pending Resolution of Dismissal Motions. ECF No. 139. Plaintiff opposed the motion (ECF No. 148), and Defendants replied. ECF No. 153. The parties are familiar with the facts, the procedural history, and the arguments. As a result, the Court does not repeat them. Instead, the Court will incorporate the arguments as necessary and relevant to this order. For the reasons below, the motion is granted.

## I. Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (*i.e.*, the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at * 3–4.

This Court believes a more workable analytical framework exists for determining when motions to stay discovery should be granted. As a result, the test this Court considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence

the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004).

## II. Analysis

At the outset, this Court notes that Plaintiff does not argue that discovery is needed to resolve the pending dismissal motions.[1] *See* ECF No. 148 at 14. Nor does it appear that any is needed. The dismissal motions raise legal challenges—among them, the *Rooker-Feldman* doctrine, absolute judicial immunity, Nevada's absolute litigation privilege, statutes of limitation, preclusion, sufficiency of service, and failure to state a claim.

The parties do disagree, nonetheless, as to whether there is good cause to stay all discovery or, instead, to permit the limited written discovery Plaintiff proposes. This Court agrees with Defendants that, given the challenges presented in the dismissal motions, there is good cause to stay discovery.

First, nearly every dismissal motion contends that this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. That doctrine, where it applies, "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir. 2004). Courts in this district routinely recognize that a dispositive motion raising a jurisdictional challenge weighs heavily in favor of a stay. *See Shahabi v. Shahabi*, No. 2:26-cv-00393-APG-BNW, 2026 WL 2268681, at *3 (D. Nev. Aug. 4, 2026) ("[T]he pendency of a motion

[1] This Court uses "dismissal motions" to refer collectively to the pending motions to dismiss (ECF Nos. 40, 75, 77, 82, 83, 144) and the pending motion for judgment on the pleadings (ECF No. 111).

challenging jurisdiction strongly favors a stay of discovery."); *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (identifying jurisdiction, venue, and immunity as common examples of preliminary issues warranting a stay). If the Court lacks jurisdiction, any discovery taken in the meantime will have been taken in a forum without the power to decide Plaintiff's claims.

Second, several Defendants assert immunities. Judge Hardy asserts absolute judicial immunity. Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). And "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Plaintiff agrees that discovery directed to Judge Hardy should be stayed.

The attorney Defendants and Defendants Eide Bailly LLP and Reed Lamoreaux, in turn, invoke Nevada's absolute litigation privilege. Defendants characterize that privilege as an immunity from suit. Plaintiff disputes whether the privilege reaches his federal claims and the particular conduct he alleges. This Court need not resolve that dispute to resolve the instant motion. It is enough that the defense, if successful, would protect these Defendants not only from liability but from the burden of litigating the claims at all. *See Hampe v. Foote*, 118 Nev. 405, 409, 47 P.3d 438, 440 (2002) ("The absolute privilege bars any civil litigation based on the underlying communication."), *overruled on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008).

Plaintiff proposes a middle ground: a 90-day phase of written discovery directed to the private defendants on four categories of documents, with depositions and expert discovery deferred and Judge Hardy excluded. ECF No. 148 at 17–18. This Court appreciates Plaintiff's effort to narrow the dispute. But here, the burden is not principally one of volume. It is the burden of litigating at all in a forum that may lack jurisdiction and, for several Defendants, of litigating claims from which they contend they are immune. Written discovery—even targeted written discovery—would require the private defendants to do what those defenses, if successful, would protect them from doing.

Additionally, this Court finds that a stay will not unfairly prejudice Plaintiff. The stay is temporary. If any claims survive the dismissal motions, discovery will proceed, and Plaintiff may pursue the discovery he seeks at that time. To the extent Plaintiff is concerned about the loss of evidence, a stay of discovery does not relieve any party of its obligation to preserve relevant evidence, including the materials Plaintiff identifies in his opposition.

In sum, under the guidance of Rule 1, this Court finds it is more just to delay discovery until the district judge decides whether this Court has jurisdiction and whether the asserted immunities apply. *See Tradebay*, 278 F.R.D. at 603.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Stay Discovery Pending Resolution of Dismissal Motions (ECF No. 139) is **GRANTED**.

**IT IS FURTHER ORDERED** that the proposed Discovery Plana and Scheduling Orders (ECF Nos. 146, 150) are DENIED as moot.

**IT IS FURTHER ORDERED** that, if any claims remain after the dismissal motions are decided, the parties must file a proposed discovery plan and scheduling order within 14 days of the order resolving the last of the dismissal motions.

DATED this 26th day of October, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE