UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Bashar Elyousef,<br>Plaintiff<br>v.<br>Judge Joseph Hardy, et al.,<br>Defendants | Case No: 2:26-cv-02465-CDS-BNW<br>**Order Denying Plaintiff's Motion for Recusal**<br>[ECF No. 68] |

This is a civil RICO action brought by plaintiff Bashar Robert Elyousef against 25 defendants. *See* First am. compl., ECF No. 8. On August 24, 2026, Elyousef filed a motion for potential recusal and disclosures under 28 U.S.C. § 455. Mot., ECF No. 68. For the reasons set forth herein, the motion is denied.

## I. Legal standard

Under § 455(a), a judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned" (i.e., the appearance of bias). Moreover, under § 455(b)(1), a judge of the United States shall disqualify herself when she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding (i.e., actual bias). 28 U.S.C. § 455(b)(1). Recusal of a federal judge is appropriate under § 455(a) for the appearance of bias or under § 455(b)(1) for actual bias if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted); *accord Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law."

*United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *2 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

## II. Discussion

As a threshold matter, Elyousef's motion seeks a number of disclosures. *See* ECF No. 68 at 16–17. However, those requests exceed the scope of a court determining a motion to recuse under § 455. Rather, this court is required to evaluate whether recusal is appropriate because my impartiality "might reasonably be questioned" (i.e., the appearance of bias) or, alternatively, because I have personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding (i.e., actual bias). Notably, as to the question of actual bias, as a district judge, if I feel I cannot hear the case without bias, then I have a duty to recuse irrespective of how it looks to the public. *See Holland*, 519 F.3d at 915. But that test "is highly personal in nature and requires each judge in such a situation to set aside emotion and thoughtfully examine his ability to impartially 'administer justice without respect to persons.'" *Id.* (quoting 28 U.S.C. § 453). It does not require a judge to provide information to parties to decide for themselves whether the judge can impartially administer justice. Stated otherwise, if a court recuses, it can disclose the reasons for doing so, but it is not required to, and the disclosures Elyousef seeks are not required—indeed, Elyousef cites no authority stating otherwise.

Next, Elyousef lists two potential bases for my recusal: (1) my prior employment as a state district court judge at the same court where several defendants work and (2) my connections to the Las Vegas community more broadly, to include speaking on panels with named defendants or potentially having received campaign contributions from other named

defendants. But the reasonable person standard does not mandate recusal upon the mere "unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913. Indeed, federal judges regularly deny recusal motions where the judge's prior employment had an arguable relationship to the issues presented in the case before them. *See, e.g.*, *Jackson v. Tesla, Inc.*, 772 F. Supp. 3d 1111, 1117 (N.D. Cal. 2025) (citing *Philip Morris USA Inc. v. FDA*, 156 F. Supp. 3d 36 (D.D.C. 2016); *In re Apex Oil Co.*, 981 F.2d 302 (8th Cir. 1992)); *see also United States v. Champlin*, 388 F. Supp. 2d 1177, 1183–84 (D. Haw. 2005) (finding that judge's prior employment as an Assistant U.S. Attorney, absent something more, did not give rise to reasonable questions regarding the court's impartiality). Thus, my former service as a state court judge with some of the named defendants does not require recusal. *See Leon v. Arizona*, 2013 WL 12284462 (D. Ariz. Feb. 25, 2013) (rejecting argument that judges should recuse because they were former state court colleagues with a named defendant(s)); *Delgado-O'Neil v. City of Minneapolis*, 745 F. Supp. 2d 894 (D. Minn. 2010) (same); *see also United States v. Mendoza*, 468 F.3d 1256 (10th Cir. 2006) (concluding that collaboration on article between judge and prosecutor 12 years earlier did not warrant recusal).

Elyousef's other concern—that I may have received campaign contributions from named defendants—also does not warrant recusal. As state court judge, I was retained without an opponent, so I engaged in no fundraising. Even if I did, that would not necessarily be a basis for recusal. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009) (holding recusal is only necessary if there "is a serious risk of actual bias—based on objective and reasonable perceptions—when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case," such as "by raising funds or directing the judge's election campaign when the case was pending or imminent").

The Supreme Court has long applied "a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Thus, a party seeking recusal must meet their burden showing recusal is warrant. Elyousef fails to meet his burden here. As I have a duty to sit, and Elyousef cites no valid basis for my recusal, his motion pursuant to 28 U.S.C. § 455 is denied.

## III. Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for recusal **[ECF No. 68] is DENIED.**

Dated: October 27, 2026

Cristina D. Silva
United States District Judge