UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Bashar Robert Elyousef,<br>Plaintiff,<br>v.<br>Judge Joseph Hardy, et al.,<br>Defendants. | Case No. 2:26-cv-02465-CDS-BNW<br><br>**Order** |

Pending before this Court is Plaintiff's renewed motion for alternative service on Defendant Lorenzo Doumani (ECF No. 154) and motion to extend time for service (ECF No. 155). Plaintiff seeks a 21-day extension of the service deadline as well as permission to effect alternative service on Doumani at his listed address by first-class mail and certified mail with return receipt requested. ECF No. 154. at 4, ECF No. 155 at 4. He also seeks permission to serve Doumani via his last-known email address. ECF No. 154 at 4.

**I. Motion for Alternative Service (ECF No. 154)**

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

> (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
>
> (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant ...

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiff attempted service five times at Defendant Doumani's listed address. ECF No. 154 at 1–2, 6–7. The first time, the process server noted that there were no vehicles in the driveway and that when she rang the doorbell system, Doumani answered and told her that he was out of town and would return in a few days. ECF No. 126 at 6; ECF No. 154 at 1. The second time, the process server noted that there were three vehicles in the driveway and that she rang the doorbell for nine minutes. ECF No. 154 at 2. No one answered. *Id.* The third attempt occurred in the late afternoon on a Friday, the fourth attempt in the evening on a Saturday, and the fifth attempt occurred in the morning on a Tuesday. *Id.* In all attempts the process server noted that there was no answer at the listed address. *Id.* at 7.

This Court finds that Plaintiff has demonstrated that service under Nev. R. Civ. P. 4.2 is impracticable. Plaintiff has attempted to serve Doumani at his listed address multiple times, on different days of the week, at different times of day, and has been unable to complete service. This Court also finds that service under NRCP 4.3 is inapplicable here, as Doumani resides in Nevada, and that 4.4(a) is impracticable because there is no statute that controls service in this case.

As service methods through Nev. Rev. 4.2, 4.3, and 4.4(a) are impracticable, this Court finds that alternative service on Doumani is appropriate. This Court has previously determined that NRCP 4.4(b) allows for service by email. *See Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (Mar. 3, 2020). Plaintiff has indicated that he has located a potential email address for Doumani. ECF No. 154 at 3. Accordingly, Plaintiff's request to effect alternative service on Doumani by email is granted.

Additionally, Nevada law enables this Court to order Plaintiff "to make reasonable efforts to provide additional notice . . . to a defendant using other methods of notice, including certified

mail, telephone, voice message, email, social media, or any other method of communication." NRCP 4.4(d)(1). Thus, this Court will also order that Plaintiff send the summons and complaint by certified mail to Doumani's listed U.S. Mail Address.[1]

**II. Motion to Extend Time (ECF No. 155)**

Courts must extend the time for service for an appropriate period upon a showing of good cause. Fed. R. Civ. P. 4(m). In this case, Plaintiff has attempted actual service five times and has failed because Defendant Doumani was unavailable. ECF No. 155 at 1–2. In light of Plaintiff's diligence, good cause exists to extend the service period for 21-days from the date of this ruling to November 18, 2026. *See Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (equating "good cause" with diligence).

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for alternative service (ECF No. 154) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend the deadline for service (ECF No. 155) is GRANTED. Plaintiff will have until November 18, 2026, to effect service of the summons and operative complaint on Defendant Lorenzo Doumani.

**IT IS FURTHER ORDERED** that Plaintiff must email a copy of the Summons and Complaint to the identified email address for Defendant Lorenzo Doumani.

**IT IS FURTHER ORDERED** that Plaintiff must mail a copy of the Summons and Complaint to the identified address of Defendant Lorenzo Doumani by certified mail.

DATED: October 28, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] At this time, this Court does not find it necessary for Plaintiff to send an additional packet through first-class mail as certified mail with return service should suffice.