UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Bashar Robert Elyousef,

Plaintiff

v.

Judge Joseph Hardy, et al.,

Defendants

Case No. 2:26-cv-02465-CDS-BNW

**Order Overruling Plaintiff's Objection, and Denying Plaintiff's Motion to File a Reply, Motions for Partial Summary Judgment, and Motion to File an Extended Brief**

[ECF Nos. 160, 162, 168, 169, 176]

Plaintiff Bashar Elyousef has filed an objection (ECF No. 162) to the order granting a stay pending resolution of the dismissal motions (ECF No. 157), two motions for partial summary judgment (ECF No. 160, 168), a motion for leave to file an extended brief for one of his partial summary judgment motions (ECF No. 169), and a motion for leave to file a reply in support of his objection (ECF No. 176). For the reasons set forth herein, no reply is needed to rule on his objection, so the motion for leave to file a reply is denied. Moreover, his objection is overruled, so the order staying discovery pending resolution of the motions to dismiss is affirmed in full. Further, Elyousef's motions for partial summary judgment are denied as premature, so his motion to file an extended brief is denied as moot.

## I. Discussion

### A. Elyousef's objection to the order staying discovery (ECF No. 162) is overruled and the motion for leave to file a reply (ECF No. 176) is denied.

A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* Local Rule IB 3-1(a). *Id.* Here, Elyousef files a limited objection to the order staying discovery in this action, requesting a "90-day phase of focus written discovery," amongst other requests such as "modification of federal discovery management," and an "evidence-preservation requirement." *See* ECF No. 162 at 1, 5, 7. But

Elyousef fails to demonstrate how Judge Weklser's decision violated Local Rule IB 3-1, that is, it fails to show how her order was "clearly erroneous or contrary to law." LR IB 3-1. Rather, his limited objection expresses disagreement with the order granting the stay and raises the same failed arguments he lodged before Judge Weksler. Demanding a different analysis or disagreeing with the conclusion does not demonstrate that Judge Weksler's determination was clearly erroneous or contrary to the law. I nonetheless conducted a de novo review, and having done so, I agree with Judge Weksler's order because she correctly determined that a stay pending resolution of the outstanding motions to dismiss will not unfairly prejudice Elyousef and properly noted that a stay does not relieve any party of their obligation to preserve relevant evidence. *See* Order, ECF No. 157. Accordingly, I overrule Elyousef's objection and affirm in full Judge Weksler's order granting the defendants' joint motion to stay discovery pending resolution of the motions to dismiss. I likewise affirm denying as moot the proposed discovery plans and scheduling orders (ECF Nos. 146, 150). Finally, Elyousef's motion for leave to file a reply to his objection is denied as no reply is needed to resolve the objection.

**B. Elyousef's motions for partial summary judgment (ECF Nos. 160, 168) are denied as premature, so his motion to file an extended brief (ECF No. 169) is denied as moot.**

Motions for summary judgment can be filed at any time but are often denied as premature when submitted before the parties have had time to conduct at least some discovery. While Rule 56 of the Federal Rules of Civil Procedure allows a party to file a motion for summary judgment "at any time," that same rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. "Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. Indeed, many courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite

technical compliance with the timing provisions of Rule 56. *See Celetox Corp. v. Catreet*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery. . . ."); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009) (Hawkins, J., dissenting) (stating that summary judgment was inappropriate where defendant had not answered the complaint and it was "uncertain which allegations are in dispute, much less which disputes might raise genuine issues of material fact"); *Williams v. Yuan Chen*, 2011 WL 4354533, at *3 (E.D. Cal. Sep. 16, 2011) (denying plaintiff's summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order); *Bradford v. Ogbuehi*, 2020 WL 9886194, at *1 (E.D. Cal. Feb. 20, 2020) (denying summary judgment motions as premature even though plaintiff "technically" met the timing requirements, the pleadings in the case were "not yet set").

Here, discovery has not commenced, as it is stayed pending resolution of the outstanding motions to dismiss. Accordingly, I deny Elyousef's motions for partial summary judgment as premature, and deny as moot his motion to file an extended brief.

## II. Conclusion

IT IS HEREBY ORDERED that Elyousef's objection **[ECF No. 162] is overruled**, so Judge Weksler's order staying discovery pending resolution of the motions to **dismiss [ECF No. 157] is affirmed in full**. IT IS FURTHER ORDERED that Elyousef's motion to file a reply **[ECF No. 176] is denied**.

IT IS FURTHER ORDERED that Elyousef's motions for partial summary judgment **[ECF No. 160, 168] are denied as premature**.

IT IS FURTHER ORDERED that Elyousef's motion to file an extended brief **[ECF No. 169] is denied as moot**.

Dated: November 24, 2026

Cristina D. Silva
United States District Judge